# BOYKINS v. HARTFORD ACCIDENT & INDEMNITY CO.
## No. 1197.

Court of Appeal of Louisiana. First Circuit,
Oct. 5, 1933.

J. C. Henriques and H. M. Mayo, Jr., both of New Orleans, for appellant.

Caillouet & Caillouet, of Houma, for appellee.

LE BLANC, Judge.

■ This is a suit brought by Mrs. Amelia Boykins, widow of Alfred Reason, to recover compensation against the defendant, indemnitor of her deceased husband's former employer, Torsion Balance Exploration Company, because of the death of her said husband by accident while acting in the course and scope of his employment.

The suit was dismissed in the lower court on an exception of no right of action, the court holding that, as the plaintiff's petition, on its face, showed that the accident which caused her husband's death and his death which occurred on the same day happened more than a year before the date on which the suit was filed, and further showed affirmatively that no compensation had ever been paid, but, on the contrary, same had been refused, the right to compensation no longer existed.

Section 31 of Act No. 85 of 1926 (page 124), the provision of the compensation statute applicable to the question presented, provides that, "in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death," the parties shall have agreed upon the payments to be made under the Compensation Act, or "unless within one year after the accident, proceedings have been begun as provided in Sections 17 and 18 of this act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

Here the petition alleges that the accident and resulting death of the plaintiff's husband took place on April 22, 1930, and it is further specifically alleged that plaintiff has not been paid, and that the employer has refused to pay the compensation to which she is entitled as widow. This suit, which is the proceeding contemplated under the act, was filed on June 19, 1931, nearly two months after the year following the accident and death of her husband. Clearly, therefore, under the statute, plaintiff's claim for payments of compensation was "forever barred," and the judgment of the lower court was undoubtedly correct.

■ Indeed, counsel for plaintiff do not dispute the fact that, under the petition as it appears, the right of action does no longer exist. They contend, however, that the plaintiff had filed a former suit for compensation within the year following the accident and death of her husband which, although having been dismissed on an exception of no cause of action, had the effect of preserving her right of action against the defendant, and that that right still exists. The petition in the present case, however, makes no reference whatever to the former suit. Counsel have filed a motion in this court in which they set out these matters, and aver that it was through inadvertance and error that allegations concerning the former suit were left out of the present petition, and that they should be permitted to file a supplemental petition to make a proper showing to that effect. To that end they ask that the case be remanded to the district court.

Beyond the averments of their motion, which are not supported even by an affidavit, and the statements contained in their brief, there is absolutely nothing in the record before us on which this court can act on the request of plaintiff's counsel. As far as the record discloses, the district judge was never presented with a motion or request by counsel for permission to file a supplemental petition, and certainly no ruling appears as having been made by him on such matter. Counsel contend that he should have taken judicial cognizance of the fact that there existed in his court a suit between these same parties which had the effect of suspending the plaintiff's right of action. Without saying that he should or not, we do not see how this court, in the absence of the record in that suit and even of an affidavit that such proceeding exists in the district court, can take judicial cognizance of it. In the case of Mustack v. Union Indemnity Company, 147 So. 749, 753, there was a situation presented to this court on a motion to dismiss the appeal, somewhat similar to the present.

The motion in that case, it might be said, had a bit more merit as it at least was supported by the ex parte affidavit of counsel, and this is what was said in connection therewith: "The motion is supported only by the ex parte affidavit of counsel for plaintiff appellee, and there is no showing of which we can take cognizance from any court that would justify us in acting on the motion as presented."

Likewise it might be said that there is no showing from the lower court on which we can take cognizance of the matters called to our attention by the motion to remand in this case, and we therefore cannot act upon it.

Under the record as presented, we have no alternative but to affirm the judgment of the lower court.

Judgment affirmed.

MOUTON, J., not participating.